```
 1  KIMBERLY A. SANCHEZ
    Acting United States Attorney
 2  KRISTIN F. SCOTT
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916) 554-2700
    Facsimile:  (916) 554-2900
 5
 6  Attorneys for Plaintiff
    United States of America
 7
 8
 9                          IN THE UNITED STATES DISTRICT COURT
                               EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,            CASE NO. 2:24-CR-00314 DJC
12              Plaintiff,                STIPULATION REGARDING EXCLUDABLE
                                          TIME PERIODS UNDER SPEEDY TRIAL ACT;
13        v.                              FINDINGS AND ORDER
14  QUENTIN NELSON,                       DATE: July 31, 2025
                                          TIME: 9:00 a.m.
15        aka "foreveryoung283"           COURT: Hon. Daniel J. Calabretta
          aka "foreveryoung28,"
16        aka "Inmate AS5147,"
17              Defendant.
18
```

## STIPULATION

The United States of America, by and through its counsel of record, Kristin F. Scott, and Quentin Nelson ("Defendant"), by and through his counsel of record, Assistant Public Defender, Noa Oren, hereby stipulate as follows:

1.  By previous order, this matter was set for status on July 31, 2025.

2.  By this stipulation, the parties now move to continue the status conference until October 23, 2025, and to exclude time between July 31, 2025, and October 23, 2025, under Local Code T4 and 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iv).

3.  Defendant has been indicted on 2 counts related to child exploitation: Count One charges Defendant with Receipt and Attempted Receipt of Child Pornography, in violation of 18 U.S.C. §§

2252A(a)(2)(A), (b)(1); and Count Two charges Defendant with Possession of Prepubescent Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). Due to the nature of the investigation and charges, discovery in this case has been voluminous and will require careful and thorough review by the parties, including by Defendant's counsel and her staff in-person at a law enforcement facility. The parties obtained a joint Protective Order on April 17, 2025, to govern discovery dissemination. (ECF No. 12).

4. In light of the current voluminous electronic (and other) discovery, ongoing efforts by defense counsel to review said discovery, and a desire to maintain continuity of counsel for benefit of the Defendant, the parties hereby agree, stipulate, and request that the Court make the following findings:

   a) The United States provided and has made available for viewing voluminous discovery, including technical and electronic data, in this case. The discovery provided to defense includes records of FBI and CDCR reports, access to full electronic data extractions from multiple devices, search warrant records returns, chat logs, bank records and peer-to-peer payment logs from multiple institutions relating to accounts in various names, complex metadata, and at least one interview. The United States has also provided CDCR records, recorded media, and records from various electronic service providers. These materials have been produced and are available pursuant to the aforementioned Protective Order.

   b) Counsel for Defendant has diligently attempted to review the materials but has been unable to do so because the original case agent departed California Department of Corrections and Rehabilitation ("CDCR"). Counsel for Defendant desires additional time to work with her Paralegal to review the voluminous produced discovery, inspect the original materials referenced above, consult further with her client, review the current charges, conduct her own research related to further understanding the charges, and discuss potential resolutions with her client.

   c) Counsel for Defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation,

        taking into account her exercise of due diligence and the work she has already put into this case on behalf, and for the benefit of, Defendant.

  d)  The United States jointly requests the brief continuance. The United States confirms that the prior case agent has now departed the CDCR, and a new case agent is taking over the case. This agent, a CDCR Task Force Officer, is working with an FBI Special Agent to get-up-to-speed on the matter and to be available for Defendant's counsel and her staff to view sensitive electronic data, including imagery depicting child exploitation materials, at CDCR's law enforcement facility.

  e)  Based on the above-stated facts, the ends of justice served by continuing the case as requested far outweigh the interest of the public and Defendant in a trial within the original date prescribed by the Speedy Trial Act.

  f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 31, 2025 to October 23, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), B(iv) [Local Code T4] because it is a continuance granted at Defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial.

5.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated:  July 24, 2025           KIMBERLY A. SANCHEZ
                       Acting United States Attorney

                       /s/ *Kristin F. Scott*
                       KRISTIN F. SCOTT
                       Assistant United States Attorney

IT IS SO STIPULATED.

Dated: July 24, 2025

/s/ *Noa Oren*
NOA OREN
Counsel for Defendant
QUENTIN NELSON

## ORDER

IT IS SO FOUND AND ORDERED.

Dated: July 28, 2025

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE